# EXHIBIT B

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ARC GAMING TECHNOLOGIES, LLC, ) | |
| ) | CIVIL ACTION FILE |
| Plaintiff/Petitioner, ) | |
| ) | NO. 24CV000131 |
| vs. ) | |
| ) | |
| ANGEL AMUSEMENTS, ET AL. ) | |
| ) | |
| Defendant/Respondent. ) | |
| _____ ) | |

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

On January 10, 2024, the Court held a hearing on Petitioner's Motion Temporary Restraining Order. All parties appeared for the hearing represented by counsel. After due consideration of the pleadings, the exhibits entered into the record, and the argument of counsel; the Court hereby DENYS Plaintiff's Motion for Temporary Restraining Order making the following findings of fact and conclusions of law;

Plaintiff filed his Complaint on January 2, 2024, seeking a temporary restraining order and preliminary injunction against the defendants alleging a number of improper acts and conspiracy related to the purchase, sale, and acquisition of COAM lottery machines. On Jan 3, 2024, Plaintiff filed their Motion for Interlocutory Injunction, Temporary Restraining Order, and Expedited Discovery seeking an immediate hearing. At the time of the hearing on January 10, 2024, Plaintiff had not perfected service on any of the named defendants. Nevertheless, all defendants appeared at the emergency hearing on Temporary Restraining Order raising objections to the entry of a TRO.[1]

---

[1] Excepting Defendants Lee Connell, LLC and Pinball Amusement, LLC who appeared to announce a stipulated agreement between the parties was filed on record.

At the hearing, Plaintiff argued that Arc Gaming would be irreparably harmed if the Court did not enter an immediate Temporary Restraining Order and Injunction. In his argument, Plaintiff's counsel alleged that the defendants were engaged in a RICO conspiracy that had resulted in the sale or transfer of COAM licenses and machines that previously belonged to Plaintiff. Counsel asserted that the improperly transferred or sold contracts had resulted in the loss of tens of millions of dollars in revenue to Arc Gaming in 2023, with 11 formerly Lucky Bucks client locations entering contracts with the other named corporate defendants. Based on the evidence presented, the Court concludes that the referenced conduct occurred in the years 2019 through 2022 and there was no evidence presented of improper or illegal conduct by the defendants in 2023. Further, there was no evidence nor argument presented to show that any alleged improper conduct has continued, is continuing, or is likely to continue in the immediate future. It is quite clear to the Court that the alleged harm to Plaintiff is quantifiable and that Plaintiff has legal remedies available to him, including the enforcement of a non-competition, non-solicitation, and confidentiality agreements.

The law on granting Temporary Restraining Orders without notice is governed by OCGA 9-11-65 (b) which clearly states that a party is entitled to a restraining order **only if**:

> (1) It clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition; and
> (2) The applicant's attorney certifies to the court, in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required.

Although not formally noticed of the hearing, all parties appeared represented by counsel. To the extent that the "notice" argument is not mooted by the appearance of counsel, the Court

finds that Plaintiff failed to meet the first prong. Plaintiff's evidence referenced past alleged offenses, provided no evidence that any alleged wrongdoing was imminent, and that the alleged harm was irreparable.

In considering the Plaintiff's demand for an interlocutory injunction, the Court must consider whether the following exists in this case:

> (1) there is a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (2) the threatened injury to the moving party outweighs the threatened harm that the injunction may do to the party being enjoined; (3) there is a substantial likelihood that the moving party will prevail on the merits of her claims at trial; and (4) granting the interlocutory injunction will not disserve the public interest.
> *Jansen-Nichols v. Colonial Pipeline* Co., 295 Ga. 786 (2014)

It is apparent from the argument and record at hand that any alleged injury is reparable. Plaintiff's own pleadings assign specific and quantifiable values for alleged wrongfully sold or transferred COAM machines and licenses. Plaintiff's exhibits clearly show the existence of confidentiality agreements, contracts, non-compete and non-solicitation agreements prohibiting some of the alleged wrongful conduct. Plaintiff's efforts seem geared more toward securing funds for any future monetary damages award rather than to prevent any future wrongdoing.

Plaintiff seeks to severely restrict the conduct of more than twenty defendants during the pendency of this litigation without any clear evidence of ongoing wrongdoing and for actions for which he has an adequate remedy at law. Not only does Plaintiff seek an extremely shortened discovery window of *seven* days, but they also seek to restrict and prohibit the regular business operations of all defendants, even those who appear to be only peripherally involved in this case.

An interlocutory injunction is an extraordinary remedy and it is not clear in this case that "there is a vital necessity to prevent a party from being damaged and left without a remedy." Stewart v. Johnson, 358 Ga. App. 813 (2021) (citing Gerguis v. Statesboro HMA Med. Group, 331 Ga. App. 867, 868 (2015)). Having found no evidence that Plaintiff will be left without remedy for any alleged damage, the Court HEREBY DENIES Plaintiff's Motion for Temporary Restraining Order.

SO ORDEED this __12__ day of January, 2024.

_____
Judge Charles M. Eaton, Jr.
Superior Court of Fulton County
Atlanta Judicial Circuit