# EXHIBIT C

Fulton County Superior Court
***EFILED***SE
Date: 9/23/2024 11:47 AM
Che Alexander, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| Arc Gaming and Technologies, LLC f/k/a Lucky Bucks, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Anil Damani, <br> Tony Kassam, <br> Imran Ali, <br> Al Amin Sayani, <br> Derrick Smith, <br> Jonathan Howard, <br> Arnaldo "Johnathan Linares" Perez, <br> Shakeel Haque, <br> Anand Vaswani, <br> Mohibul Motin, <br> Angel Amusements, LLC, <br> Dynamic Gaming, LLC, <br> Unique Amusement, LLC, <br> AKS Amusements, Inc., <br> Advance Amusement, LLC, <br> Klass Amusement, LLC, <br> Prestige Amusement, LLC, <br> Lee Caudell, Inc., <br> Pinball Amusement, LLC, <br> Peak Amusement, LLC <br> Meyersgold, LLC, and <br> Blue Georgia 1000, Inc., <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 24CV000131 <br><br> Judge Alice Benton |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff Arc Gaming and Technologies, LLC, f/k/a Lucky Bucks, LLC ("Lucky Bucks") holds a master license from the Georgia Lottery Corporation to make coin-operated amusement machines ("COAMs") available for play to the public. [Compl. at 2.] Lucky Bucks is one of the largest COAM master licensees in Georgia. [*Id.* at ¶51.]

Lucky Bucks sued twenty-two defendants in a twelve-count Complaint filed on January 2, 2024, alleging violations of the Georgia RICO statute, misappropriation of trade secrets, trover, conversion, breach of fiduciary duty, fraud, unauthorized access to a computer system, breach of contract, avoidance of fraudulent transfers, improper dividends, attorney's fees under O.C.G.A. §13-6-11, and punitive damages.

This matter is before the Court on twelve motions to dismiss or, in the alternative, for more definite statement. Having considered all papers in opposition and in support and having heard oral arguments on August 14, 2024, the Defendants' Motions to Dismiss are hereby **GRANTED IN PART** and **DENIED IN PART**.

I.  LEGAL STANDARD

Under O.C.G.A. § 9-11-12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief may be granted." In deciding a motion to dismiss, the Court accepts the allegations of the Complaint as true and draws all inferences in the plaintiff's favor. *Auto-Owners Ins. Co. v. Tracy*, 344 Ga. App. 53, 54 (2017).

A motion to dismiss for a failure to state a claim should be granted when: (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support of it; and (2) the movant establishes that the claimant could not introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. *Radio Perry, Inc. v. Cox Commc'ns, Inc.*, 323 Ga. App. 604, 605 (2013) (citing *Scouten v. Amerisave Mtg. Corp.*, 283 Ga. 72, 73 (2008)). A complaint may also be dismissed when it is "clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim." *Mabra* 316 Ga. App. at 66.

II.    **ANALYSIS**

According to Defendants, certain of Lucky Bucks' claims fail as a matter of law, and the rest are improperly pled. Specifically, each motion to dismiss includes an argument that Lucky Bucks' Complaint fails to meet Georgia's notice pleading standard because it does not contain enough information to put the Defendants on fair notice of the nature of the claims nor does it afford a fair opportunity to frame a responsive pleading. The Defendants also argue that Lucky Bucks' claims for fraud fail to comport with O.C.G.A. § 9-11-9(b), which requires that fraud be pled with "particularity." The Court finds that Lucky Bucks' claims for misappropriation of trade secrets, trover, and conversion fail as a matter of law and should be dismissed. As to the remaining counts, the Court finds that Lucky Bucks failed to satisfy the pleading standard and is required to replead them to cure the deficiencies.

    A.    **Claims that Fail as a Matter of Law**

        1.    *Misappropriation of trade secrets*

In Count II, Lucky Bucks alleges that all Defendants misappropriated trade secrets in violation of the Georgia Trade Secrets Act, O.C.G.A. §10-1-760 *et seq*. Specifically, Lucky Bucks alleges that the identity of its customers and terms of its contracts with those customers are trade secrets. [Compl. ¶238.] This claim fails because the identities of Lucky Bucks' customers are public.

A trade secret is information that "[d]erives economic value, actual or potential from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use." O.C.G.A. §10-1-761(4). "[U]nder Georgia law, 'customers are not trade secrets. Knowledge on the part of the employee concerning the names and addresses of customers is not the property of the employer.'" *Wolff v. Protege Sys.,*

3

*Inc.*, 234 Ga. App. 251, 254 (1998). In *Leo Publications, Inc. v. Reid*, 265 Ga. 561, 562 (1995), our Supreme Court held that a newspaper's advertiser list was not a trade secret because "a list of customers and the size and frequency of their advertisements could be compiled by any of the" paper's readers. The same is true here, as the subject information regarding customer lists and locations are readily ascertainable from publicly available sources.

By law, Lucky Bucks must "prominently display[]" its master license in every location where it makes COAMs available for play. O.C.G.A. § 50-27-71(b). Anyone visiting a Lucky Bucks location would know that Lucky Bucks has a contract with that location. The Georgia Lottery Corporation publishes a list of all locations with COAMs on its website each year. Because Lucky Bucks' customers could be ascertained with these proper means, those customers' identities are not trade secrets as a matter of law.

Lucky Bucks cannot claim that it treats this information as a trade secret and protects it from public disclosure. The Court took judicial notice of a complaint filed by Lucky Bucks in Gwinnett County Superior Court, captioned *Arc Gaming & Technologies, LLC f/k/a/ Luck Bucks, LLC v. Samir Virani*, No. 24-a-034544-5, wherein Lucky Bucks sued a location licensee for breach of contract on April 19, 2024. Attached to the complaint is the complete location contract between Lucky Bucks and the location owner. Lucky Bucks published the contents of its own location contract during the pendency of this case. Lucky Bucks' claim for misappropriation of trade secrets is dismissed.

### 2. *Trover and Conversion*

Lucky Bucks asserts a claim in Count III for Trover and in Count IV for Conversion based on its interest in property that Defendants allegedly are currently possessing, accessing, or controlling. [Compl. ¶¶ 246-251.] The two counts are virtually the same. *Connors v. Omni Ins.*

*Co.*, 195 Ga. App. 607, 607 (1990). "The basis for a trover action is conversion. However, demand and a (wrongful) refusal are prerequisites to a trover action." *Id.* (internal quotations omitted); *see also Hooks v. Cobb Ctr. Pawn & Jewelry Brokers, Inc.*, 241 Ga. App. 305, 308 (1999) ("To establish a prima facie case for conversion, plaintiff is required to show title to the property or the right of possession, actual possession in defendant, demand for its return, and defendant's refusal.").

Lucky Bucks fails to allege what property is being possessed, accessed, or controlled by any of the Defendants. To the extent that the Complaint alleges Defendants caused Lucky Bucks to sell COAM machines for less than fair market value, that allegation fails to state a claim for trover or conversion because there is no allegation that the purchaser is not the rightful owner of the COAM machines, just that Lucky Bucks did not receive fair compensation for the sale. Indeed, all of the allegations that refer to property taken show that any purported Lucky Bucks property ended up in the hands of entities or individuals not named in the complaint. [*See, e.g.*, Compl. ¶¶138-146.] Additionally, Lucky Bucks fails to allege that any demand for the return of property was made to or refused by any Defendant. Thus, Lucky Bucks' claims for conversion and trover are dismissed.

### B.    Claims for Which Plaintiff Has Leave to Replead

The remaining claims are not properly pled and do not contain enough information to provide each Defendant with fair notice of the nature of the claim and a fair opportunity to frame a responsive pleading.  The complaint fails to allege facts in support of each count, which of the remaining nine counts apply to which Defendant, or what each Defendant did. It is not clear what conduct is alleged in support of the RICO claim and its eleven predicate acts, as opposed to conduct

5

that is alleged in support of the remaining claims. Lucky Bucks refers to general allegations of conduct by "Defendants," with no distinction as to which of the twenty-two Defendants is at issue.

### 1. The Pleading Standard

The parties agree that Georgia employs a liberal notice pleading standard. A plaintiff must "include enough detail to afford the defendant fair notice of the nature of the claim and a fair opportunity to frame a responsive pleading." *Benedict v. State Farm Bank, FSB*, 309 Ga. App. 133, 134 (2011). A complaint that fails to give fair notice is deficient and subject to dismissal or a motion for more definite statement. *See id.*

Under O.C.G.A. §9-11-9(b), "[i]n all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity." Plaintiff is required to state what false representations or acts were made, who made the fraudulent representations or acts, and how plaintiff was harmed or suffered damage in relying on the fraudulent representations or acts. *Roberts v. JP Morgan Chase Bank, NA*, 342 Ga. App. 73, 79 (2017).

Lucky Bucks' Complaint does not meet the liberal notice pleading standard and provide the particularity required for fraud and fraud-based RICO claims. "[T]he proper remedy to address such deficiencies in a pleading is a motion for a more definite statement, … at least so long as plaintiff is able and willing to amend his pleadings to conform to the statutory requirements." *Osprey Cove Real Estate, LLC v. Towerview Constr., LLC*, 343 Ga. App. 436, 441 (2017) (quotation omitted). Therefore, the Court will afford Lucky Bucks the opportunity to replead the remaining allegations in its Complaint.

### III. ORDER AND LEAVE TO REPLEAD

Defendants' Motions to Dismiss are **GRANTED IN PART** as to the claims for Count II – Misappropriation of Trade Secrets, Count III – Trover, and Count IV – Conversion, which are dismissed.

Defendants' Motions to Dismiss are **DENIED IN PART** as to the remaining claims, which the Plaintiff may replead in an amended complaint which shall be filed within 30 days of the date of this Order. For each count in the amended complaint, Plaintiff shall state the specific facts applicable to the cause of action in that count, identify by name the Defendant(s) which allegedly engaged in such conduct, and identify each Defendant to which that count applies. For each count that includes a claim for fraud or a fraud-based predicate act, Plaintiff shall plead with particularity under O.G.C.A. §9-11-9(b), to include, at a minimum, the alleged specific fraudulent statement at issue, the occasion on which the statement was made, the speaker, and in what ways Lucky Bucks acted upon the statement.

**SO ORDERED** this 23rd day of September, 2024.

*Alice Benton*

**HONORABLE ALICE BENTON**
Judge, Fulton County Superior Court
Atlanta Judicial Circuit

Service via eFileGA.

7