**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUCKY BUCKS, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10758 (KBO) |
| LB NEWHOLDCO, LLC and LUCKY BUCKS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TRIVE CAPITAL MANAGEMENT LLC, TRIVE CAPITAL FUND III LP, TRIVE CAPITAL FUND III-A LP, TCFIII LUCK LP, TCFIII LUCK SPV LP, TCFIII LUCK ACQUISITION LLC, TCFIII LUCK HOLDINGS LLC, QUANTUM GAMING CORP., SOUTHERN STAR GAMING LLC, SHRAVAN THADANI, ANIL DAMANI, LBV27, LLC, LUCKY BUCKS VENTURES, INC., SHAFIK KASSAM, JAMES BOYDEN, RYAN BOUSKILL, MANU SEKHRI, SEVEN ACES HOLDINGS ULC AND HASSAN IJAZ,<br><br>Defendants. | Adversary Proceeding<br><br>Adv. Pro. No. 25-50965 (KBO) |

**BRIEF IN SUPPORT OF
DEFENDANT SHAFIK KASSAM'S MOTION TO DISMISS
COMPLAINT AND JOINDER IN CO-DEFENDANTS' MOTIONS TO DISMISS**

**WOMBLE BOND DICKINSON (US) LLP**
Morgan L. Patterson
Marcy J. McLaughlin Smith
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone  (302) 252-4320
Facsimile:  (302) 252-4330
Email: morgan.patterson@wbd-us.com
        marcy.smith@wbd-us.com

Dated:  September 5, 2025
        Wilmington, Delaware

**GARLAND, SAMUEL, & LOEB, P.C.**
Amanda R. Clark Palmer
3151 Maple Drive
Atlanta, Georgia 30305
Telephone: (404) 262-2225
Facsimile:  (404) 365-5041
Email: aclark@gsllaw.com

*Counsel for Shafik Kassam*

# **TABLE OF CONTENTS**

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING..................................1

SUMMARY OF THE ARGUMENT .........................................................................................2

STATEMENT OF FACTS .........................................................................................................3

ARGUMENT ..............................................................................................................................4

      A.     All Claims Alleged Against Mr. Kassam Were Released Through the Opco
            Debtors' Confirmed Bankruptcy Plan. ...................................................................4

      B.     The Fiduciary Duty Counts Four and Six Must Fail...............................................5

            1.     The HoldCo and Lucky Bucks Governing Documents Foreclose the
                  Ability to Bring the Fiduciary Duty Claims. ...............................................5

            2.     The Fiduciary Duty Claims Were Not Sufficiently Plead. .........................7

      C.     The Attorney's Fees and Punitive Damages Claims Fail Because of the
            Underlying Substantive Claims Fail. ......................................................................9

      D.     The Declaratory Judgment Count Must Fail as It Is Nothing More than a
            Duplication of the Previous Counts. .......................................................................9

JOINDER ....................................................................................................................................9

CONCLUSION............................................................................................................................9

# TABLE OF AUTHORITIES

## CASES

*In re Worth Collection, Ltd.,*
    666 B.R. 726 (Bankr. D. Del. 2024) ................................................................ 8, 9

*Burtch v. Zachem, et al. (In re TZEW Holdco, LLC),*
    Adv. No. 22-50255, 2023 WL 6140247 (Bankr. D. Del. Sept. 19, 2023) ............................ 10

*Cred Inc. Liquidation Tr. v. Uphold HQ Inc. (In re Cred Inc.),*
    650 B.R. 803 (Bankr. D. Del. 2023), *aff'd,* 658 B.R. 783 (D. Del. 2024) ............................ 8

*Ctr. City Healthcare, LLC v. McKesson Plasma & Biologics LLC (In re Ctr. City
    Healthcare, LLC),*
    641 B.R. 793 (Bankr. D. Del. 2022) .................................................................... 8

*In re Beaulieu Group, LLC,*
    Case No. 17-41677, 2021 WL 4469928 (Bankr. N.D. Ga. Sept. 29, 2021) ............................ 7

*In re SelectBuild Illinois, LLC,*
    Case No. 09–12085, 2015 WL 3452542 (Bankr. D. Del. May 28, 2015) ............................... 5

*In re Swift Energy Co.,*
    Case No. 15-12670, 2016 WL 3566962 (D. Del. June 29, 2016) ..................................... 5

*Insys Liqid. Tr. v. Quinn Emanuel Urquhart & Sullivan, LLP (In re Insys Therapeutics,
    Inc.),*
    Case No. 19-11292, Adv. No. 21-50359, 2021 WL 5016127 (Bankr. D. Del. Oct. 28,
    2021) ........................................................................................................ 8

*Raj & Sonal Abhyanker Fam. Tr. ex. rel. UpCounsel, Inc. v. Blake,*
    C.A. No. 2020-0521, 2021 WL 2477025 (Del. Ch. June 17, 2021) ...................................... 9

## STATUTES

28 U.S.C. §§ 2201-2202 ................................................................................ 8

## RULES

Fed. R. Bankr. P. 7012(b) ............................................................................ 1

Fed. R. Civ. P. 12(b)(6) ............................................................................... 1

Shafik Kassam respectfully submits this joinder and brief in support of his motion to dismiss the Complaint [D.I. 1] pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b) (the "Motion to Dismiss").

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

1.      The Complaint [D.I. 1][1] in the above-captioned adversary proceeding (this "Adversary Proceeding") was filed by Plaintiffs LB NewHoldCo, LLC ("New HoldCo") and its subsidiary, Lucky Bucks, LLC ("Lucky Bucks" and, together with NewHoldCo, "Reorganized Debtors"), which are the successors in interest to Lucky Bucks and Lucky Bucks HoldCo, LLC ("HoldCo," and together with Lucky Bucks, the "Company" or the "OpCo Debtors" or the "Plaintiffs"), on June 2, 2025. The Complaint generally alleges that the above-captioned defendants (collectively, the "Defendants") fraudulently misrepresented the health of the operations of Lucky Bucks in order to take money out of the company and enrich themselves. The Complaint also alleges that Mr. Kassam, and others, wrongfully siphoned business and labor from Lucky Bucks during their employment at Lucky Bucks. As to Mr. Kassam specifically, the Complaint asserts claims of: (i) Breach of Fiduciary Duty (Delaware Law) (Count Four) and (ii) Breach of Fiduciary Duty (Georgia Law) (Count Six).  The Plaintiffs also seek to recover attorney's fees (Count Seven), punitive damages (Count Eight), and a declaratory judgment (Count Nine).

2.      Following service of the Complaint, the Plaintiffs and the Defendants entered into a joint stipulation as to a briefing schedule for the Defendants to answer or otherwise response to the Complaint, which stipulation was approved by this Court [D.I.9]. The agreed upon schedule

---

[1] Unless otherwise defined herein, capitalized terms used herein but not defined are ascribed the definitions given to them in the Complaint.

provided that such responses are due on or before September 5, 2025. Thus, Mr. Kassam's Motion to Dismiss and this Opening Brief is timely filed.

## <u>SUMMARY OF THE ARGUMENT</u>[2]

3.     The Complaint as to Mr. Kassam should be dismissed in its entirety.  As an initial matter, and as set forth more fully herein, the actions proposed in the Complaint against Mr. Kassam have been released by the Reorganized Debtors through the OpCo Debtors' Plan confirmed during the above-captioned chapter 11 cases (the "<u>Bankruptcy Cases</u>").  This Court has the absolute authority to enforce its own order and it should do so by enforcing the Confirmation Order containing the Release (as defined herein) and dismissing the Complaint.

4.     Even if the actions had not been released, however, the Complaint must still be dismissed as fatally flawed.  First, the governance documents for both HoldCo and Lucky Bucks eliminated fiduciary duties by its governing individuals.  Further, Lucky Bucks provided for its management solely by HoldCo.  Accordingly, Mr. Kassam owed no fiduciary duty to either entity and cannot now be liable for such.

5.     Further, if the Court finds fiduciary duties were owed to HoldCo or Lucky Bucks by Mr. Kassam, the allegations of such a failure of duties in the Complaint are woefully insufficient with respect to Mr. Kassam.  The Complaint does nothing more than make sweeping allegations like Mr. Kassam "authorized the transfer with knowledge that the Company was being actively looted through his and Damani's scheme . . . ."  Compl. ¶ 156. It is well settled that this type of failure to plead any detailed allegations fails as a matter of law.

---

[2] Nothing in this Summary of Argument section should be interpreted as limiting Mr. Kassam's arguments as presented in his Motion to Dismiss and this Opening Brief.

## STATEMENT OF FACTS

6.      Lucky Bucks and its affiliates owned and operated coin operated amusement machines.  Compl. ¶ 40. On June 8 and 9, 2023 (the "Petition Date"), Lucky Bucks and certain of its affiliates (collectively, the "Debtors") filed for relief under Chapter 11 of Title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code").

7.      Mr. Kassam was employed by the OpCo Debtors. Specifically, he was the Chief Operating Officer of Lucky Bucks until October 11, 2023.  Further, he acted as a member of the board of HoldCo.

8.      As set forth in the *Declaration of James Boyden in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, the Debtors suffered a sharp decline in business revenues in 2022 which led to the filing of the Bankruptcy Cases in 2023.  [Bankr. D.I. 15, ¶ 7].

9.      After a short bankruptcy case, the Court confirmed the plan of reorganization (the "Plan") for Lucky Bucks and HoldCo on July 28, 2023.  [Bankr. D.I. 187; Bankr. D.I. 214].  The Plan contained releases of "Released Parties" which included Mr. Kassam. *See* Plan, pg. 15; Plan, Art. VIII.A.2. (the "Release").

10.     The Reorganized Debtors emerged from bankruptcy on October 2, 2023.  [Bankr. D.I. 253].  Shortly thereafter, Mr. Kassam resigned his positions at the OpCo Debtors.

11.     Following the close of the Bankruptcy Cases, in January 2024, the Reorganized Debtors filed an action in the Superior Court of Fulton County, State of Georgia, styled Arc Gaming Technologies, LLC f/k/a Lucky Bucks, LLC v. Anil Damani, *et al*., Case No. 24-CV-000131 (the "Georgia Action").  The Georgia Action included Mr. Kassam as a defendant and brought claims for breaches of fiduciary duty almost identical to the claims in the Complaint.  In the year and half that has followed, the Plaintiffs found their initial Georgia Action dismissed for

3

failure to properly plead and await the conclusion of motions to dismiss pending with respect to their first amended complaint.

12.    In a clear attempt to forum shop, the Plaintiffs determined to bring identical claims before this Court and filed the Complaint.

## ARGUMENT

**A.    All Claims Alleged Against Mr. Kassam Were Released Through the OpCo Debtors' Confirmed Bankruptcy Plan.**

13.    As part of the bankruptcy Plan, Mr. Kassam was a Released Party.  Specifically, the Released Parties included "the officers of each of the OpCo Debtors, the members of any board of managers of each OpCo Debtor, the managing members (or comparable governing bodies or Persons) of each OpCo Debtor, and employees of each OpCo Debtor . . . . "  Plan, pg. 15.  The Plan Release indicated that a Released Party was:

> forever released by each of the OpCo Debtors, their respective Estates, and any Person seeking to exercise the rights of any of the OpCo Debtors or their Estates . . . from any and all Claims and Causes of Action . . . in law, equity, contract, tort or otherwise, . . . based on, relating to, or in any manner arising from . . . any of the OpCo Debtors. . . or any other act or omission, transaction, agreement, event or other occurrence related or relating to any of the foregoing taking place on or before the OpCo Plan Effective Date.

*See* Plan, Art. VIII.A.2.

14.    The Plaintiffs attempt to deny that the Release is effective with respect to the Defendants by alleging it does not cover actual fraud, willful misconduct, or gross negligence. Compl. ¶¶ 11; 99; 106.  However, as set forth below, the Plaintiffs have failed to allege conduct on behalf of Mr. Kassam that comes close to alleging actual fraud, willful misconduct, or gross negligence.

4

15.     This Court has the absolute authority to enforce its own orders and should do so here by enforcing the OpCo Debtors' Plan Release and dismissing the Complaint.  *See*, *e.g.*, *In re SelectBuild Illinois, LLC*, Case No. 09-12085 (KJC), 2015 WL 3452542, at *6 (Bankr. D. Del. May 28, 2015) ("It is 'axiomatic that a court possesses the inherent authority to enforce its own orders.'") (citing cases); *In re Swift Energy Co.*, Case No. 15-12670, 2016 WL 3566962, at *5 (D. Del. June 29, 2016) (explaining that the bankruptcy court has the power to implement its orders, including an appealed order that is not stayed) (citing cases).

**B.     The Fiduciary Duty Counts Four and Six Must Fail.**

16.     Counts Four and Six plead alleged breaches of fiduciary duty by Mr. Kassam pursuant to Delaware and Georgia law.  As set forth below, both Counts should be dismissed.

**1.     The HoldCo and Lucky Bucks Governing Documents Foreclose the Ability to Bring the Fiduciary Duty Claims.**

17.     Count Four alleges violation of fiduciary duties owed to HoldCo by Mr. Kassam as he acted as a member of HoldCo's board of managers.  *See* Compl. ¶ 153.  A party seeking to allege a violation of a fiduciary duty must first prove such a duty existed and the Plaintiffs have failed to do so. Here, a breach of fiduciary duty claim cannot exist as the formative documents for both HoldCo and Lucky Bucks contained disclaimers and exculpation provisions regarding such duties.

18.     Specifically, the HoldCo LLC Agreement stated "[n]one of the Managers, in their capacity as a Manager, shall, to the fullest extent permitted by applicable law, have any duties (fiduciary or otherwise) . . . ."  *See* HoldCo LLC Agreement, § 5.01(e); *see also* § 9.03 (stating that HoldCo managers have no duty to act in the interest of HoldCo).  It is well-settled that Delaware law permits such a provision in LLC agreements. *See* Del. Code Ann. tit. 6, § 18-1101(e)

5

("A limited liability company agreement may provide for the limitation or elimination of any and all liabilities for breach of contract and breach of duties (including fiduciary duties) of a member, manager or other person to a limited liability company or to another member or manager or to another person that is a party to or is otherwise bound by a limited liability company agreement . . ."). Delaware law further allows the broad exculpation of liabilities for breaches of fiduciary duties. *See id.* § 18-1101(c). The HoldCo LLC Agreement also contained an exculpation provision. *See* HoldCo LLC Agreement, § 9.02.

19. The governance documents for Lucky Bucks also prove fatal to the allegations contained in Count Six. In Count Six, the Plaintiffs allege that Mr. Kassam breached his duty under Georgia Law as an officer to Lucky Bucks. *See* Compl. ¶ 174. However, the Lucky Bucks Operating Agreement also expressly disclaims any fiduciary duties owed by its directors, officers, managers, and members and rests the sole authority to manage Lucky Bucks in HoldCo. *See* Lucky Bucks LLC Agreement, §§ 6.2, 6.3. The Complaint appears to acknowledge this elimination of duties but alleges that Mr. Kassam (among others) still owed duties as an officer in Lucky Bucks due to the language in section 4.1 of the Lucky Bucks Operating Agreement. *See* Compl. ¶ 105. However, Georgia law creates no such duty by officers of a limited liability company. *See In re Beaulieu Group, LLC*, Case No. 17-41677, 2021 WL 4469928, at *14 (Bankr. N.D. Ga. Sept. 29, 2021).

20. Accordingly, Counts Four and Six must be dismissed as it is impossible for the Plaintiffs to bring claims for breaches of duties that did not exist under the operative corporate governance documents.

6

2.      **The Fiduciary Duty Claims Were Not Sufficiently Plead.**

21.     The Plaintiffs attempt to explain away the fatal issue regarding the Debtors'
governing documents by alleging that acts of actual fraud and willful misconduct continue to be
actionable. *See* Compl. ¶ 106.  However, even if the duties did exist, Counts Four and Six must
still be dismissed for failure to plead any allegations sufficient to allege Mr. Kassam breached his
duties.

22.     It is well settled that a pleading party "must allege facts with sufficient particularity
to establish its claim" and "cannot rely on reciting statutory elements." *Ctr. City Healthcare, LLC
v. McKesson Plasma & Biologics LLC (In re Ctr. City Healthcare, LLC)*, 641 B.R. 793, 803
(Bankr. D. Del. 2022) (dismissing Section 548 claim that merely recited the statutory language);
*Insys Liqid. Tr. v. Quinn Emanuel Urquhart & Sullivan, LLP (In re Insys Therapeutics, Inc.)*, Case
No. 19-11292, Adv. No. 21-50359, 2021 WL 5016127, at *5 (Bankr. D. Del. Oct. 28, 2021)
(same).  The "court should identify allegations that, because they are no more than conclusions,
are not entitled to the assumption of truth." *In re Worth Collection, Ltd.*, 666 B.R. 726, 736 (Bankr.
D. Del. 2024) (quotations omitted) (citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d
Cir. 2011)).  Such "conclusory factual statements may be struck from consideration" when
evaluating the sufficiency of a claim on a motion to dismiss. *See Cred Inc. Liquidation Tr. v.
Uphold HQ Inc. (In re Cred Inc.)*, 650 B.R. 803, 813 (Bankr. D. Del. 2023), *aff'd*, 658 B.R. 783
(D. Del. 2024)  (citing *Coppedge v. US Bank Nat'l Ass'n*, No. 12-cv-00051-GMS, 2014 WL
3828384 at *2, (D. Del. July 25, 2014).  Only "where there are well-pleaded factual allegations, a
court should assume their veracity and then determine whether they plausibly give rise to an
entitlement to relief." *Worth Collection*, 666 B.R. at 736 (citing *Burtch v. Milberg Factors, Inc.*,
662 F.3d at 221).

7

23.     The Plaintiffs' allegations throughout the Complaint are mere conclusions and sweeping statements which lack any detail regarding actions by Mr. Kassam that would render him liable for a breach of duty.  Specifically, the Plaintiffs allege the conclusion that Mr. Kassam "breached [his] duty in authorizing the OpCo Distribution by not acting in the interests of the Company[,]" Compl. ¶ 154, and "allowing and facilitating the OpCo Distribution." *Id.* at ¶ 175. Further, the Plaintiffs repeatedly claim Mr. Kassam was embroiled in a "scheme" to "loot" the Debtors to "enrich" himself but fail to provide details of such scheme and certainly not specifics regarding how Mr. Kassam was enriched by the alleged looting scheme.  Compl. ¶¶ 53, 57, 101, 110.  Such conclusory statements are insufficient.

24.     Further, the attempts by Plaintiffs throughout the Complaint to lump Mr. Kassam in with his Co-Defendants,[3] *see* Compl. ¶¶ 53-54, is similarly insufficient and the Court must reject any group pleading effort.  *See Raj & Sonal Abhyanker Fam. Tr. ex. rel. UpCounsel, Inc. v. Blake*, C.A. No. 2020-0521, 2021 WL 2477025, at *4 (Del. Ch. June 17, 2021) ("A plaintiff must adequately plead a breach of fiduciary duty claim against each individual director [or officer]; so-called group pleading will not suffice.") (quotations omitted).  Courts agree that a "claim for breach of fiduciary duties may be dismissed" as an improper group pleading "where a complaint (i) lumps all of the individual Defendants as 'Officers and Directors' . . . without supplying specific facts as to each defendant's wrongdoing; (ii) has not provided any specific facts as to which transactions a particular defendant authorized; and (iii) does not allege what authority any particular defendant

---

[3] "Co-Defendants" includes the following: Anil Damani, LBV27, LLC, Lucky Bucks Ventures, Inc., James Boyden, Ryan Bouskill, Manu Sekhri, Seven Aces Holdings ULS, Hassan Ijaz, Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, TCFIII Luck Holdings LLC, Quantum Gaming Corp., Southern Star Gaming, LLC, and Shravan Thadani.

had to approve such transactions." *Burtch v. Zachem*, et al. *(In re TZEW Holdco, LLC)*, Adv. No. 22-50255, 2023 WL 6140247, at *3 (Bankr. D. Del. Sept. 19, 2023) (quotations omitted) (citing *Stanziale v. Heico Holdings. Inc. (In re Conex Holdings, LLC)*, 514 B.R. 405, 414 (Bankr. D. Del. 2014)).  The Complaint violates this well-established prohibition and should be dismissed.

**C.    The Attorney's Fees and Punitive Damages Claims Fail Because the Underlying <u>Substantive Claims Fail</u>.**

25.    The Plaintiffs' claims for attorney's fees and punitive damages must fail because, as set forth in detail herein, the underlying substantive claims fail.

**D.    The Declaratory Judgment Count Must Fail as It Is Nothing More than a Duplication <u>of the Previous Counts</u>.**

26.    The Plaintiffs' claim for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 are a mere duplication of Counts One through Eight (and, as to Mr. Kassam, specifically Counts Four and Six through Eight) and not a separate cause of action.  Due to the failure of the Complaint's other counts against Mr. Kassam, the declaratory judgment in Count Nine must also fail.

<u>**JOINDER**</u>

27.    Finally, Mr. Kassam adopts, and incorporates as if set forth fully herein, as applicable, the arguments made by his above-captioned Co-Defendants' motions to dismiss filed contemporaneously herewith and asserts that for the reasons set forth therein, in addition to the arguments set forth herein, the Complaint should be dismissed.

<u>**CONCLUSION**</u>

For the foregoing reasons, Mr. Kassam respectfully requests the entry of an order dismissing the claims against Mr. Kassam with prejudice.

9

Dated: September 5, 2025
Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Morgan L. Patterson*
Morgan L. Patterson (DE Bar No. 5388)
Marcy J. McLaughlin Smith (DE Bar No. 6184)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone  (302) 252-4320
Facsimile:  (302) 252-4330
Email: morgan.patterson@wbd-us.com
       marcy.smith@wbd-us.com

-and-

**GARLAND, SAMUEL, & LOEB. P.C.**
Amanda R. Clark Palmer
3151 Maple Drive
Atlanta, Georgia 30305
Telephone: (404) 262-2225
Facsimile:  (404) 365-5041
Email: aclark@gsllaw.com

*Counsel for Shafik Kassam*

10