**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUCKY BUCKS, LLC, *et al.*<br><br>　　　Debtors. | Chapter 11<br><br>No. 23-10758 (KBO) |
| LB NEWHOLDCO, LLC and<br>LUCKY BUCKS, LLC,<br><br>　　　Plaintiffs,<br><br>v.<br><br>TRIVE CAPITAL MANAGEMENT LLC,<br>*et al.*,<br><br>　　　Defendants. | Adversary Proceeding<br><br>No. 25-50965 (KBO) |

**TRIVE DEFENDANTS' MOTION REGARDING THE CONTINUED SEALING OF
CERTAIN LIMITED PORTIONS OF THE MEMORANDUM OF LAW IN SUPPORT
OF THE TRIVE DEFENDANTS' MOTION TO DISMISS THE PLAINTIFFS'
COMPLAINT, AND THE DECLARATION OF ROSS E. FIRSENBAUM IN SUPPORT
OF THE TRIVE DEFENDANTS' MOTION TO DISMISS**

　　Defendants Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, TCFIII Luck Holdings LLC, Quantum Gaming Corp., Southern Star Gaming LLC, and Shravan Thadani (collectively, the "Trive Defendants"), by and through their undersigned attorneys, hereby file this motion (the "Motion"), pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of the Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), regarding the continued sealing of certain limited portions of the *Memorandum of Law in Support of the Trive Defendants' Motion to Dismiss Plaintiffs' Complaint* [D.I. 12] (the "Memorandum") and the

1

*Declaration of Ross E. Firsenbaum in Support of the Trive Defendants' Motion to Dismiss Plaintiffs' Complaint* [D.I. 13] (the "Firsenbaum Declaration"). Pursuant to Local Rule 9018-1(d), the Trive Defendants have filed concurrently herewith proposed redacted forms of the Memorandum and Firsenbaum Declaration.

## JURISDICTION AND VENUE

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Trive Defendants confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion.[1]

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4. On June 2, 2025, Plaintiffs LB NewHoldCo, LLC ("NewHoldCo") and Lucky Bucks, LLC ("Lucky Bucks", and collectively with NewHoldCo, the "Plaintiffs") filed the Complaint in the above-referenced adversary proceeding (the "Adversary Proceeding"). D.I. 1.

---

[1] For the avoidance of doubt, the Trive Defendants consent solely with respect to adjudication of this Motion, and the Trive Defendants do not consent to the entry of a final order or judgment by this Court in this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

5.      On July 29, 2025, the Court entered the *Order Approving Joint Stipulation Regarding Briefing Schedule for Defendants' Anticipated Motion to Dismiss*, D.I. 9, which set September 5, 2025 as the deadline for defendants to file any motion to dismiss the Complaint, D.I. 9-1 at 2.

6.      On September 5, 2025, the Trive Defendants filed their *Motion to Dismiss Plaintiffs' Complaint* [D.I. 11], along with the Memorandum and Firsenbaum Declaration.  The Memorandum and Firsenbaum Declaration were filed under seal.

**INFORMATION TO BE SEALED**

7.      The Firsenbaum Declaration attaches as exhibits several documents, including the Credit Agreement associated with the July 30, 2021 OpCo Distribution[2], *see* Firsenbaum Decl., Ex. A; the Officer's Certificate, dated July 30, 2021, which attached the Fifth Amended and Restated Limited Liability Company Agreement of Lucky Bucks HoldCo, LLC, *see id.*, Ex. B; Lucky Bucks' financial statements from Q2 2020 to Q1 2021, *see id.*, Ex. C; and Lucky Bucks's balance sheet dated June 30, 2021, *see id.*, Ex. D (the "<u>Confidential Material</u>").

8.      The documents (or identical duplicates thereof) were produced by the Trive Defendants and by certain other parties to this adversary proceeding and designated as either "Confidential – Subject to Protective Order" or "Highly Confidential" under the *Stipulation Pursuant to Local Rule 2004-1(a)*, entered between Trive Capital Management LLC ("<u>Trive</u>") and other Trive-affiliated entities, on the one hand, and the Holdings Trustee, on the other hand (the "<u>Confidentiality Order</u>").  *See In re Lucky Bucks Holdings LLC*, No. 23-10756 (KBO) (Bankr. D. Del. Mar. 12, 2024), ECF No. 53.  "Confidential Information" for purposes of the Confidentiality Order includes "business information, competitively sensitive information, and/or other non-

---

[2] The OpCo Distribution was the $203.6 million distribution to the Trive Defendants and other of Lucky Bucks's equity holders.  *See* D.I. 12 ¶ 1.

public commercial, financial, research, proprietary, or technical information," *id.* ¶ 2, and "Highly Confidential" material is "Confidential Information that is particularly sensitive and warrants additional protection," *id.* ¶ 4.

**BASIS FOR RELIEF REQUESTED**

9. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]

Fed. R. Bankr. P. 9018(a).

10. Further, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny filer seeking to file a document . . . under seal must file a motion requesting such relief . . . no later than 3 business days after the filing of" the document that the filer requests to seal. Del. Bankr. L.R. 9018-1(d)(i).

11. The Trive Defendants do not object to the unsealing of the Confidential Material.[3] Instead, the Trive Defendants file this Motion solely to ensure that any other party who believes that it may have an interest in preventing the public disclosure of any of the Confidential Material, including any party that produced any of the Confidential Material as Confidential or Highly Confidential pursuant to the Confidentiality Order, has a sufficient opportunity to object to the unsealing of such information under 11 U.S.C. §§ 105(a) or 107(b). On September 8, 2025,

---

[3] For avoidance of doubt, by taking this position with respect to the Confidential Material, the Trive Defendants do not waive any confidentiality designation of any other document produced in the above-captioned bankruptcy case (including but not limited to adversary proceedings therein), and any other related bankruptcy case and/or related adversary proceeding.

4

undersigned counsel emailed all counsel of record in this adversary proceeding to inform them that the Trive Defendants would be taking this position in this Motion and no party has informed us as of the filing of this Motion that it objects to the requested relief. Accordingly, the Trive Defendants respectfully request that the documents remain under seal until a date that the Court determines will have provided any and all parties in interest with sufficient opportunity to object to the public disclosure of such material. In the event no such objections are made, the Trive Defendants submit that the Memorandum and Firsenbaum Declaration may be fully unsealed.

## LOCAL RULE 9018-1(d) CERTIFICATION

12. The undersigned counsel certifies that, as described above, between September 8, 2025 to September 10, 2025, undersigned counsel and counsel for all parties in this adversary proceeding conferred in good faith regarding this Motion, and no party has informed us as of the filing of this Motion that it objects to the requested relief.

## NO PREVIOUS REQUEST

13. The Trive Defendants have not previously requested the relief sought herein from the Court.

| | |
|---|---|
| Dated: September 10, 2025<br>Wilmington, Delaware | Respectfully submitted, |
| **WILMER CUTLER PICKERING HALE AND DORR LLP** | **PACHULSKI STANG ZIEHL & JONES LLP** |
| Philip D. Anker (admitted *pro hac vice*)<br>Ross E. Firsenbaum (admitted *pro hac vice*)<br>Charles C. Bridge (admitted *pro hac vice*)<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>(t) (212) 230-8800<br>(f) (212) 230-8888 | By: */s/ Laura Davis Jones*<br><br>Laura Davis Jones (No. 2436)<br>Peter J. Keane (No. 5503)<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19801<br>(t) (302) 652-4100<br>(f) (302) 652-4400<br>ljones@pszjlaw.com |

philip.anker@wilmerhale.com
ross.firsenbaum@wilmerhale.com
charles.bridge@wilmerhale.com

Joel Millar (admitted *pro hac vice*)
2100 Pennsylvania Avenue NW
Washington, DC 20037
(t) (202) 663-6000
(f) (202) 663-6363
joel.millar@wilmerhale.com

*Attorneys for Defendants Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, TCFIII Luck Holdings LLC, Quantum Gaming Corp., Southern Star Gaming, LLC, and Shravan Thadani*

pkeane@pszjlaw.com

*Attorneys for Defendants Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, TCFIII Luck Holdings LLC, Quantum Gaming Corp., Southern Star Gaming, LLC, and Shravan Thadani*