WILMERHALE

October 24, 2025

**Philip D. Anker**

+1 212 230 8890 (t)
+1 212 230 8888 (f)
philip.anker@wilmerhale.com

**(Via ECF)**
The Honorable Karen B. Owens
Chief Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 6th Floor, Courtroom 3
Wilmington, DE 19801

> Re:    *Abrams v. Trive Capital Mgmt. LLC, et al.*, No. 24-50130;
>        *LB NewHoldCo v. Trive Capital Mgmt. LLC, et al.*, No. 25-50965

Dear Chief Judge Owens:

We write on behalf of our clients, Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, TFC Luck Holdings LLC, Quantum Gaming Corp., Southern Star Gaming LLC, and Shravan Thadani (collectively, the "Trive Defendants"), and after consultation with counsel of record for the other defendants and the plaintiffs in the above-referenced adversary proceedings (collectively, the "Adversary Proceedings"), in response to the October 21 email from Ms. Lopez regarding the scheduling of oral argument on the Defendants'[1] motions to dismiss in *Abrams*. For the reasons set forth below, Defendants respectfully request that the Court hear oral argument on the motions to dismiss pending in both Adversary Proceedings at the same time, either on December 10, 2025 (one of the dates the Court suggested in Ms. Lopez's email) or on a later date that is convenient for the Court.

Ms. Lopez's email requested the *Abrams* parties' availability for oral argument on the pending motions to dismiss in that adversary proceeding and such parties' required time for oral argument on such motions. The Defendants believe that a consolidated oral argument on all motions to dismiss in both Adversary Proceedings would maximize efficiency and conserve the parties' and the Court's resources. The Adversary Proceedings include common or overlapping

---

[1] The "Defendants" are the Trive Defendants and the other named defendants in the Adversary Proceedings.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

**WILMERHALE**

Hon. Karen B. Owens
October 24, 2025
Page 2

allegations[2] and claims,[3] and many of the same defendants, including the Trive Defendants. Moreover, the pending motions to dismiss in the Adversary Proceedings raise many similar legal arguments. For instance, Defendants' motions to dismiss in both cases assert ratification- or consent-based arguments for the dismissal of fraudulent transfer claims arising out of transfers that plaintiffs (or the underlying investors in whose shoes plaintiffs assert those claims) agreed to allow the debtors to make.[4] Additionally, Defendants' motions to dismiss argue that the complaints in both Adversary Proceedings fail to allege that Lucky Bucks was insolvent (or that any of the Defendants was aware Lucky Bucks was insolvent) at the time of the relevant transactions, which is fatal to a number of the plaintiffs' claims.[5]

Counsel for all parties in the Adversary Proceedings are available for oral argument on December 10, 2025. Briefing on all motions in both Adversary Proceedings will be complete by that date—briefing in *Abrams* already is complete and briefing in *LB NewHoldCo* will be complete on December 4, 2025. *See LB NewHoldCo*, D.I. 9-1. Counsel for the Defendants and the Plaintiffs in *LB NewHoldCo* (collectively, the "Consenting Parties") appreciate that the Court may wish to have more than six days to prepare for oral argument on the motions in that adversary proceeding and therefore do not object to a consolidated oral argument on a date after December 10, 2025 that is convenient for the Court. All defendants in the Adversary Proceedings consent to this proposal. Plaintiffs in *LB NewHoldCo* also consent to this proposal. Plaintiff in the *Abrams* proceeding does not consent to a consolidated oral argument and submitted a separate letter to the Court last night. *See Abrams*, D.I. 130.

Finally, counsel for the Defendants agree that three hours be allotted for a consolidated oral argument (1.5 hours for plaintiffs to divide among themselves, and 1.5 hours for defendants

---

[2] *Compare, e.g.*, *Abrams*, D.I. 58 ¶ 26-30 (alleging that a "B-Side Businesses" fraudulent scheme caused Lucky Bucks's business decline, and rendered statements allegedly made by defendants when marketing the Notes misleading), *with LB NewHoldCo*, D.I. 2 ¶¶ 1-3, 54-57, 85 (alleging similarly that "B-Side Businesses" fraudulent scheme rendered Lucky Bucks insolvent at time of OpCo distributions).

[3] *Compare, e.g.*, *Abrams*, D.I. 58 ¶¶ 269-325 (asserting fraudulent transfer claims), *with LB NewHoldCo*, D.I. 2 ¶¶ 117-148 (same).

[4] *Compare, e.g.*, *Abrams*, D.I. 69 ¶¶ 30-41 (arguing that Noteholders' consent to distribution bars fraudulent transfer claims), *with LB NewHoldCo*, D.I. 12 ¶¶ 29-37 (same).

[5] *Compare, e.g.*, *Abrams*, D.I. 69 ¶¶ 43-46 (arguing that the Trustee failed to allege that Lucky Bucks was insolvent at time of the Notes offering, or that the Trive Defendants were aware Lucky Bucks was insolvent at time of the Notes offering), *with LB NewHoldCo*, D.I. 12 ¶¶ 41-42, 48 (same, as to OpCo distributions).

WILMERHALE

Hon. Karen B. Owens
October 24, 2025
Page 3


to divide among themselves).  Neither set of Plaintiffs has informed undersigned counsel of its position regarding the time allotment for oral argument.

Respectfully submitted,


/s/ Philip D. Anker
Philip D. Anker