## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LUCKY BUCKS, LLC, *et al.* | No. 23-10758 (KBO) |
| Debtors. | |
| LB NEWHOLDCO, LLC and LUCKY BUCKS, LLC, | Adversary Proceeding |
| Plaintiffs, | No. 24-50965 (KBO) |
| v. | |
| TRIVE CAPITAL MANAGEMENT LLC, *et al.*, | |
| Defendants. | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS ANIL DAMANI,
LUCKY BUCKS VENTURES, INC., AND LBV27, LLC'S
<u>MOTON TO DISMISS PLAINTIFFS' COMPLAINT</u>**

BAYARD, P.A.
Ericka Johnson
Steven D. Adler
600 N. King Street, Suite 400
Wilmington, DE 19801

Dated:  December 4, 2025
            Wilmington, Delaware

CHILIVIS GRUBMAN
Lauren A. Warner
Scott R. Grubman
Brittany M. Cambre
1834 Independence Square
Atlanta, Georgia 30338
*Counsel for Defendants Anil Damani, Lucky
Bucks Ventures, Inc., and LBV27, LLC*

## <u>TABLE OF CONTENTS</u>

I.      This is Blatant Forum Shopping.......................................................................... 1

II.     The Plain Language in the Release and Carveout Provision Bars Plaintiffs' Claims.3

III.    The Allegations of Actual Fraudulent Transfer Are Woefully Inadequate. ............... 4

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Chavez v. Dole Food Co., Inc.*, 836 F.3d 205 (3d Cir. 2016) ........................................................... 2

*FMC Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733 (E.D. Pa. 2005) ................................. 2

*Halliburton Co. v. Highlands Ins. Grp., Inc.*, 811 A.2d 277 (Del. 2002) ....................................... 3

*In re Ballantyne Brands, LLC*, 656 B.R. 117 (Bankr. W.D.N.C. 2023) ......................................... 4

*In re Chin*, 492 B.R. 117 (Bankr. E.D.N.Y. 2013) ......................................................................... 4

*In re Fruehauf Trailer Corp.*, 444 F.3d 203 (3d Cir. 2006) ........................................................... 4

*In re Premier Int'l Holdings, Inc.*, 443 B.R. 320 (Bankr. D. Del. 2010) ....................................... 4

*Karol v. Polsinello*, 8 N.Y.S.3d 447 (2015) ................................................................................... 3

*Norman v. Xytex Corp.*, 310 Ga. 127 (2020) ................................................................................. 6

**Rules**

Fed. R. Civ. P. 9(b) ..................................................................................................................... 2, 4

Defendants Anil Damani, Lucky Bucks Ventures, Inc. ("LBVI"), and LBV27, LLC (collectively, the "Damani Defendants") respectfully submit this reply to Plaintiffs LB NewHoldCo, LLC's ("NewHoldCo") and Lucky Bucks, LLC's ("Lucky Bucks" and, with NewHoldCo, "Reorganized Lucky Bucks") omnibus Brief in Opposition to Defendants' Motions to Dismiss [Dkt. 29]. Plaintiffs' Brief does little to overcome the significant shortcomings of the Complaint. In fact, Plaintiffs reinforce what the Defendants have already pointed out – their Complaint is an attempt to recast claims from the Georgia Lawsuit[1] that is long on words, short on actual facts, and riddled with conclusory statements. The claims against the Damani Defendants – for avoidance and recovery of actual fraudulent transfers under the Bankruptcy Code (Count 1), Delaware law (Count 2), and Georgia law (Count 3), for aiding and abetting breach of fiduciary duty under Delaware Law against Mr. Damani (Count 5), and for attorney's fees and punitive damages under Georgia law (Counts 7, 8) – still fail.[2]

## I.    This is Blatant Forum Shopping.

Although Plaintiffs give short shrift to the Damani Defendants' forum shopping argument, they fail to address the fact that this case includes some of the very same claims they previously filed in the Georgia Action. Four of Plaintiffs' claims in this case were previously filed in Georgia, withdrawn, a refiled here – (1) the fraudulent transfer claim against Mr. Damani under Georgia law in Count 3; (2) the breach of fiduciary duty claim against Mr. Kassam under Georgia law in Count 6; (3) the claim for attorney's fees under Georgia law in Count 7; and (4) the punitive

---

[1]    Capitalized terms have the same meaning ascribed in Defendants Anil Damini, Lucky Bucks Ventures, Inc. and LBV27, LLC's Motion to Dismiss Plaintiffs' Complaint and supporting Brief [Dkt. 19, 20].

[2]    The Trive Defendants, the Management Defendants, and Mr. Kassam are also filing reply briefs in support of their Motions to Dismiss contemporaneously herewith. The Damani Defendants incorporate by reference the defined terms not expressly stated herein, descriptions of documents, and related arguments in those reply briefs generally and as set forth more specifically below.

damages claim under Georgia law in Count 8.  Plaintiffs added more claims against additional defendants to their current suit, but the fact still remains that several of the claims were previously filed in Georgia, withdrawn after Plaintiffs faced multiple adverse rulings, and refiled here for reasons that appear to foster some strategic advantage.  By definition, that constitutes forum shopping. *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 222 (3d Cir. 2016) (term "forum shopping "generally denotes some attempt to gain an unfair or unmerited advantage in the litigation process"); *see also FMC Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733, 743 (E.D. Pa. 2005) ("decision to file an action in another judicial district" because of a perceived benefit, is considered either forum shopping or forum avoidance and is sometimes frowned upon for reasons of equity").

Plaintiffs filed an expansive lawsuit in Georgia that has gone nowhere in almost 2 years, and they've tried to repackage some of those claims in this Court.  The Damani Defendants expect all of Plaintiffs' claims against Mr. Damani in the Georgia Action to be dismissed save for a breach of contract claim regarding his noncompete agreement.  As noted in the Damani Defendants' Motion to Dismiss, the Fulton County Superior Court appointed a Special Master for purposes of discovery and pretrial management, including proposed rulings in pending motions for the Court's consideration.  [Dkt. 20 at 8, 20-7].  Since then, on October 20, 2025, the Special Master issued a Report and Recommendation granting in part and denying in part Mr. Damani's motion to dismiss.[3]  The Special Master recommended dismissal of the RICO and fraud claims against Mr. Damani, finding that Plaintiffs failed to plead those claims with the requisite specificity under Georgia's equivalent of Federal Rule of Civil Procedure 9(b), and denial of Plaintiffs' claim for

[3]    *See* Report and Recommendation, Oct. 20, 2025, singed by Special Master Judge Clay Fuller (attached as Ex. K.

breach of contract against Mr. Damani.  The Special Master's Report and Recommendation is pending and has not yet been adopted by the Fulton County Superior Court.[4]

The Court should exercise its discretion and dismiss Plaintiffs' claims here as impermissible forum shopping.  At the very least, the Court should dismiss each claim set forth here that was previously asserted in the Georgia Action, withdrawn, and refiled in this case (Counts 3, 6, 7, and 8).

## II.    The Plain Language in the Release and Carveout Provision Bars Plaintiffs' Claims.

As set forth in the Defendants' Motions to Dismiss, the OpCo Plan release bars Plaintiffs' claims and the Carveout provision does not save those claims. The plain language of the Release and Carveout provision is clear; the Release refers to both Causes of Action and Claims, whereas the Carveout provision's plain text applies only to "Claims," not to the separately defined category of "Causes of Action." OpCo Plan [Dkt. 187], § VII(A)(2). The Plan defines "Claims" to mean claims "against an OpCo Debtor," and suits against non-debtors are "Causes of Action." That distinction is dispositive. Moreover, the Carveout provision preserves the ability to bring "Claims" for misconduct, but only after a court has made the requisite, non-appealable finding in connection with an unreleased third party's claim against the OpCo Debtors. That distinction is also dispositive.

The Release and Carveout provisions are not ambiguous, and Plaintiffs' attempt to introduce parol evidence to explain clear and unambiguous contract language should be rejected outright. *Halliburton Co. v. Highlands Ins. Grp., Inc.*, 811 A.2d 277, 280 (Del. 2002); *Karol v. Polsinello*, 8 N.Y.S.3d 447, 451 (2015); *In re Premier Int'l Holdings, Inc.*, 443 B.R. 320, 334

---

[4]    As of the date of this filing, Plaintiffs filed written objections to the Special Master's Report and Recommendation, the responses to which are not yet due.

(Bankr. D. Del. 2010).

For these reasons and the reasons set forth in the Management Defendants', Trive Defendants', and Mr. Kassam's reply briefs in support of their Motions to Dismiss, which the Damani Defendants fully adopt, Plaintiffs' claims should be dismissed as barred by the Release and the Carveout provision simply does not apply.

## III.    The Allegations of Actual Fraudulent Transfer Are Woefully Inadequate.

The purpose of the fraudulent transfer law is "to make available to creditors those assets of the debtor that are rightfully a part of the bankruptcy estate, even if they have been transferred away." *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 210 (3d Cir. 2006). Plaintiffs argue that their claims for actual fraudulent transfer need only allege facts regarding the intent of the *debtor* OpCo [Dkt. 29 at 37]. However, Plaintiffs rely almost entirely on allegations about the *Defendants*, both collectively and individually, to provide circumstantial evidence of OpCo's intent via various badges of fraud. The badges are not necessarily determinative of the ultimate issue of whether the debtor had actual intent to defraud. *In re Ballantyne Brands, LLC*, 656 B.R. 117, 160 (Bankr. W.D.N.C. 2023). Rather, "[b]ecause they are only evidence of the likelihood of fraud, badges of fraud are not given equal weight; and sometimes the circumstances indicate they should be given no weight at all." *In re Chin*, 492 B.R. 117, 131 (Bankr. E.D.N.Y. 2013). That is especially so here, where the allegations fall far short of Rule 9(b)'s requisite specificity.

Plaintiffs allege the Lenders were misled about whether Mr. Damani was still involved in the Company's operations in contravention of the GLC Executive Order. [Dkt. 29 at 24, 31 (citing Compl. ¶¶ 54, 63, 66-67, 74, 75)]. But that conclusion is not supported by any actual facts. All Plaintiffs really allege is that (1) the GLC order prohibited Mr. Damani from serving as an officer or board member or exercising "operational control" over the business, Compl. ¶¶50-51; (2) Mr.

Damani was "looped in" regarding certain M&A opportunities that Mr. Boyden or Mr. Thadani negotiated, *id.* ¶67; and (3) Mr. Damani exercised his right as a shareholder to nominate Mr. Kassam as a HoldCo director, *id.* ¶115. Plaintiffs do not argue, and cannot argue, that the GLC Order precluded anyone with any connection to Lucky Bucks, including the Management Defendants, the Trive Defendants, and Mr. Kassam, from ever talking to or consulting with Mr. Damani. Likewise, Plaintiffs do not and cannot dispute that Mr. Damani had a right to be informed about Lucky Bucks, the company in which he still held an ownership interest even after the GLC Order. More importantly, Plaintiffs do not allege that Mr. Damani remained in management or control of the company. Instead, they argue that Mr. Damani installed Mr. Kassam as a member of Lucky Bucks' board (which he was allowed to do even after the GLC Order) and then conclude Mr. Kassam was nothing more than a "puppet" to do Mr. Damani's bidding. *Id.* ¶¶3, 7, 74. This conclusion too is not tied to any actual facts.

Not only do Plaintiffs' allegations of fraud fall short in this case, to the extent Plaintiffs expressly rely on the claims asserted in the Georgia Action regarding Mr. Damani, those allegations too fall short. Plaintiffs make clear that their claims about Mr. Damani's alleged "fraudulent scheme," *id.* ¶¶45, 115, and efforts to "loot the Company," *id.* ¶¶5, 8, are based on the Complaint they filed in the Georgia Action, *id.* ¶53. As set forth above, the Special Master's Report and Recommendation found that Plaintiffs failed to plead their claims for violation of the Georgia RICO Act and for fraud against Mr. Damani, and their related claim for punitive damages.[5] The only remaining claims in the Georgia Action against Mr. Damani, should the Superior Court adopt the Special Master's Report & Recommendation, will be for breach of contract regarding his

---

[5]    *See* Ex. K, Report and Recommendation at 22-23 (failure to plead RICO claim based on theft by deception as to master licenses and location contracts); 33-36 (failure to plead existence of a RICO enterprise); 37-38 (failure to plead RICO conspiracy); 41-47 (failure to plead fraud claim); 52 (regarding punitive damages).

noncompete agreement with Lucky Bucks and potential attorney's fees if Plaintiffs are successful on that claim.[6] If Plaintiffs failed to meet the liberal pleading standard in Georgia for their fraud claims against Mr. Damani, which are rooted in the same factual allegations that he looted the company, inflated the cost of master licenses, overvalued location contracts, and the like as set forth here, surely they cannot meet the more exacting federal standard. *Norman v. Xytex Corp.*, 310 Ga. 127, 131 (2020) (internal citations omitted) (finding Georgia test for a motion to dismiss is "more difficult for movants to pass than the equivalent federal test, because the federal test imposes on plaintiffs a "'more stringent pleading standard'").

For the foregoing reasons, and those contained in their brief in support of Motion to Dismiss, along with the Trive Defendants and Management Defendants' arguments incorporated by reference, the Damani Defendants respectfully request that Plaintiffs' Complaint be dismissed in its entirety with prejudice as to each of the claims against them.

*[Signature Page Follows]*

---

[6]    *Id.* at 52, 56.

Dated:  December 4, 2025
        Wilmington, Delaware

BAYARD, P.A.

*/s/ Steven D. Adler*
Ericka Johnson (Del. Bar. No. 5024)
Steven D. Adler (Del. Bar. No. 6257)
600 N. King Street, Suite 400
Wilmington, DE 19801
Tel: (302) 655-5000
Fax: (302) 658-6395
ejohnson@bayardlaw.com
sadler@bayardlaw.com

-and-

CHILIVIS GRUBMAN
Lauren A. Warner (GA 425769)
Scott R. Grubman (GA 317011)
Brittany M. Cambre (GA 350793)
1834 Independence Square
Atlanta, Georgia 30338
Telephone: (404) 233 4171
Facsimile: (404) 261 2842
lwarner@cglawfirm.com
sgrubman@cglawfirm.com
bcambre@cglawfirm.com

*Counsel for Defendants Anil Damani, Lucky
Bucks Ventures, Inc., and LBV27, LLC*