**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUCKY BUCKS, LLC, *et al.* | No. 23-10758 (KBO) |
| Debtors. | |
| LB NEWHOLDCO, LLC and LUCKY BUCKS, LLC, | Adversary Proceeding |
| Plaintiffs, | No. 25-50965 (KBO) |
| v. | |
| TRIVE CAPITAL MANAGEMENT LLC, *et al.*, | |
| Defendants. | |

**TRIVE DEFENDANTS' MOTION FOR LEAVE TO EXCEED PAGE-LIMIT
REQUIREMENT FOR REPLY MEMORANDUM IN SUPPORT OF TRIVE
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, TCFIII Luck Holdings LLC, Quantum Gaming Corp., Southern Star Gaming LLC, and Shravan Thadani (collectively, the "Trive Defendants") respectfully file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Trive Defendants to exceed the page-limit requirement for the *Reply Memorandum in Support of Trive Defendants' Motion to Dismiss Plaintiffs' Complaint* (the "Reply"), filed contemporaneously herewith.

1

## Jurisdiction and Venue

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trive Defendants confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.[1]

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Rule 1001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 1001-1 and 7007-2.

## Background

4.      On June 2, 2025, LB NewHoldCo, LLC and Lucky Bucks, LLC ("Plaintiffs") filed the Complaint [Docket No. 1] (the "Complaint").

5.      On July 29, 2025, the Court entered the *Order Approving Joint Stipulation Regarding Briefing Schedule for Defendants' Anticipated Motion to Dismiss* [Docket No. 9]

---

[1] For the avoidance of doubt, the Trive Defendants consent solely with respect to adjudication of this Motion, and the Trive Defendants do not consent to the entry of a final order or judgment by this Court in this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

approving a stipulation providing that any defendant shall file an opening brief in support of any motion to dismiss on or before September 5, 2025; Plaintiffs shall file a brief in opposition to any such motion to dismiss on or before November 4, 2025; and any defendant shall file any reply briefs on or before December 4, 2025.

6.      On September 5, 2025, the Trive Defendants filed a *Motion to Dismiss Plaintiffs' Complaint* [Docket No. 11], and accompanying *Memorandum of Law in Support of Trive Defendants' Motion to Dismiss Plaintiffs' Complaint* [Docket No. 12].

7.      On October 29, 2025, Plaintiffs filed a *Motion for Leave to Extend Page Limit of Omnibus Answering Brief in Opposition to Defendants' Motions to Dismiss* [Docket No. 28]. Plaintiffs represented in such motion that in exchange for defendants' consent to the relief sought by the extension motion, "Plaintiffs will in turn consent to any reasonable request by any or all of the Defendants for page extensions for their Reply Brief.  Plaintiffs will not object to Defendants' motion for leave to file their Reply Brief in excess of fifteen (15) pages." *Id.* at 3.

8.      On November 4, 2025, Plaintiffs filed a 50-page *Brief in Opposition to Defendants' Motions to Dismiss the Complaint* [Docket No. 29] (the "Opposition").

### Basis for Relief

9.      The Trive Defendants seek authority to exceed the page-limit requirement for their Reply by approximately five pages.  Local Rule 7007-2(a)(iv) provides that, "[w]ithout leave of Court, … no reply may exceed 15 pages."  Del. Bankr. L.R. 7007-2(a)(iv).

10.     The Trive Defendants respectfully submit that authority to exceed the page limitations prescribed by Local Rule 7007-2 in connection with the Reply is reasonable and appropriate under the circumstances.  The Reply is approximately 20 pages in length.  The Trive Defendants submit that the Reply only exceeds the page-limit requirement in the local rules by a

modest amount.  In addition, given the background and legal analysis required for the Trive Defendants to address the issues raised in Plaintiffs' 54-page Complaint and 50-page Opposition, it is necessary for the Trive Defendants to exceed the 15-page limitation set forth in Local Rule 7007-2.  The Trive Defendants submit that no party will be prejudiced by a modest extension of the page limit.

11.     Bankruptcy Rule 1001 provides that the Bankruptcy Rules "shall be construed, administered, and employed by the court and parties to secure the just, speedy, and inexpensive determination of every case and proceeding."  Fed. R. Bankr. P. 1001.   Further, Local Rule 1001-1(c) provides that "[t]he application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice."  Del. Bankr. L.R. 1001-1(c).

12.     For these reasons, the Trive Defendants request that the Court authorize the Trive Defendants to file a Reply of up to 20 pages.

## Notice

13.     The Trive Defendants will provide notice of this Motion to the parties to the above-referenced adversary proceeding.  The Trive Defendants submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

14.     No prior request for the relief requested herein has been made to this Court or any other court.  Undersigned counsel understands that Plaintiffs' counsel does not object to the relief sought by this Motion.  Plaintiffs' counsel already represented to the Court that "Plaintiffs will not

object to Defendants' motion for leave to file their Reply Brief in excess of fifteen (15) pages."

Docket No. 28 at 3.

WHEREFORE, the Trive Defendants respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems proper and just.

Dated: December 4, 2025
       Wilmington, Delaware

**WILMER CUTLER PICKERING**
   **HALE AND DORR LLP**

Philip D. Anker (admitted *pro hac vice*)
Ross E. Firsenbaum (admitted *pro hac vice*)
Charles C. Bridge (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
philip.anker@wilmerhale.com
ross.firsenbaum@wilmerhale.com
charles.bridge@wilmerhale.com

Joel W. Millar (admitted *pro hac vice*)
2100 Pennsylvania Avenue NW
Washington, DC 20037
(t) (202) 663-6000
(f) (202) 663-6363
joel.millar@wilmerhale.com

*Attorneys for Defendants Trive Capital*
*Management LLC, Trive Capital Fund III*
*LP, Trive Capital Fund III-A LP, TCFIII*
*Luck LP, TCFIII Luck SPV LP, TCFIII Luck*
*Acquisition LLC, TCFIII Luck Holdings*
*LLC, Quantum Gaming Corp., Southern*
*Star Gaming, LLC, and Shravan Thadani*

Respectfully submitted,

**PACHULSKI STANG ZIEHL**
   **& JONES LLP**

By: */s/ Laura Davis Jones*
Laura Davis Jones (No. 2436)
Peter J. Keane (No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE 19801
(t) (302) 652-4100
(f) (302) 652-4400
ljones@pszjlaw.com
pkeane@pszjlaw.com

*Attorneys for Defendants Trive Capital*
*Management LLC, Trive Capital Fund III*
*LP, Trive Capital Fund III-A LP, TCFIII*
*Luck LP, TCFIII Luck SPV LP, TCFIII Luck*
*Acquisition LLC, TCFIII Luck Holdings*
*LLC, Quantum Gaming Corp., Southern*
*Star Gaming, LLC, and Shravan Thadani*